UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SECURITIES AND EXCHANGE COMMISSION,

           Plaintiff,

v.

YAN K. SKWARA and
US FARMS, INC.,

           Defendants.
_____/

## COMPLAINT

Plaintiff Securities and Exchange Commission alleges and states as follows:

### I. INTRODUCTION

1. From at least May through July 2009, Defendants Yan K. Skwara and US Farms, Inc. engaged in a fraudulent scheme involving the company's stock, illicit kickbacks, and phony agreements to mask those kickbacks.

2. Skwara, the CEO and president of US Farms, paid illegal kickbacks to a purported trustee of an employee pension fund so the trustee would cause the pension fund to purchase three million restricted shares of US Farms stock. US Farms also issued shares of its stock as compensation to a middleman who introduced Skwara and the company to the purported pension fund trustee.

3. Unbeknownst to the Defendants, the corrupt pension fund trustee was a creation of the FBI. The pension fund's purported friend who helped arrange the deals was an undercover FBI agent, and the middleman was a witness cooperating with the FBI.

4. The Defendants attempted to conceal the kickbacks by entering into a sham consulting agreement between US Farms and a fake consulting company they believed was created to receive the kickbacks.

5. As a result of the conduct described in this Complaint, the Defendants violated Section 17(a)(1) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a)(1); Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5(a), 17 C.F.R. § 240.10b-5(a). Unless restrained and enjoined, the Defendants are reasonably likely to continue to violate the federal securities laws.

6. The Commission respectfully requests that the Court enter: (a) a permanent injunction restraining and enjoining the Defendants from violating the federal securities laws; (b) an order directing the Defendants to pay disgorgement with prejudgment interest; (c) an order directing the Defendants to pay civil money penalties; (d) an order barring Skwara from participating in any offering of a penny stock; and (e) an order barring Skwara from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act or that is required to file reports pursuant to Section 15(d) of the Exchange Act.

## II. DEFENDANTS

7. Skwara is the CEO, president, CFO, and chairman of US Farms. He resides in San Diego, California.

8. US Farms is a Nevada corporation with offices in San Diego and Fallbrook, California. It purports to be a diversified commercial farming and nursery company that grows, markets and distributes horticultural products through several subsidiaries. Its common stock was quoted on the OTC Link operated by OTC Markets Group, Inc. under the symbol "USFM" at all

relevant times. US Farms's common stock was registered with the Commission pursuant to Section 12(g) of the Exchange Act and thereby became subject to Section 13(a) reporting obligations. Its last periodic report was filed in November 2008. In January 2012, the Commission issued an Order Instituting Proceedings ("OIP") against US Farms based on its failure to file required periodic reports. In February 2012, after US Farms failed to respond to the OIP, the Commission entered an Order revoking the registration of the company's securities. *In the Matter of Tornado Gold International Corp. et al.,* Administrative Proceeding File No. 3-14712 (Exchange Act Rel. No. 66457/Feb. 24, 2012).

9.  US Farms's stock is a "penny stock" as defined by the Exchange Act. At all times relevant to this Complaint, the stock traded at less than $.08 per share. US Farms's stock also did not meet any of the exceptions to penny stock classification pursuant to Section 3(a)(51) and Rule 3a51-1 of the Exchange Act.

### III.  JURISDICTION AND VENUE

10.  The Court has jurisdiction over this action pursuant to Sections 20(d) and 22(a) of the Securities Act, 15 U.S.C. §§ 77t(d) and 77v(a); and Sections 21(d) and 27 of the Exchange Act, 15 U.S.C. §§ 78u(d) and 78aa.

11.  This Court has personal jurisdiction over the Defendants, and venue is proper in the Southern District of Florida, because many of the Defendants' acts and transactions constituting violations of the Securities Act and the Exchange Act occurred in the District. For example, Skwara met with the cooperating witness and the FBI agent in Broward County to finalize the scheme. Additionally, the Defendants sent consulting and subscriptions agreements via express delivery to the FBI agent in Coral Springs, Florida. The Defendants also sent a kickback payment to the same location.

12. The Defendants, directly or indirectly, made use of the means or instruments of transportation or communication in interstate commerce, or of a means or instrumentality of interstate commerce, or of the mails, in connection with the conduct alleged in this Complaint.

## IV.  THE FRAUDULENT SCHEME

13. On May 28, 2009, Skwara met with the cooperating witness and the FBI agent, who posed as a corrupt trustee of an employee pension fund, in Broward County, Florida to finalize a fraudulent scheme involving US Farms stock.

14. As part of the scheme, the parties agreed the pension fund would purchase $20,000 worth of US Farms stock in exchange for a 30 percent kickback by Skwara and US Farms to the pension fund trustee.  In addition, Skwara and US Farms agreed the cooperating witness, as a middleman, would receive shares of the company's stock for introducing the parties to the deal.

15. The FBI agent stressed that the trustee for the pension fund had fiduciary responsibilities to the pension fund investors and that people could get in trouble.

16. To conceal the kickback, Skwara and US Farms agreed to pay it to a fake consulting company, and they planned to have US Farms enter into a phony consulting agreement.  They understood the fake consulting company would not be performing any actual consulting services.

17. The FBI agent described the consulting company to Skwara as a "shell" and discussed how the consulting agreement would help "cover the books . . . should there be any questions asked."

### A. The First Restricted Stock Transaction and Kickback

18. On June 2, 2009, pursuant to a subscription agreement between the pension fund and US Farms, the pension fund agreed to purchase one million restricted shares of US Farms stock for $20,000.

19. At the same time, the fake consulting company and US Farms entered into a sham consulting agreement.

20. A few days later, the FBI wired $20,000 to US Farms's bank account. US Farms then sent a $6,000 kickback in the form of a cashier's check to the fake consulting company.

21. On June 15, 2009, US Farms issued a stock certificate to the pension fund for one million restricted shares. The next day, US Farms completed the deal by sending the cooperating witness a stock certificate for 200,000 restricted shares.

### B. The Second Restricted Stock Transaction and Kickback

22. Shortly after completing the first transaction, the parties agreed to do another restricted stock deal with a kickback.

23. On July 9, 2009, Skwara sent a second subscription agreement to the FBI agent, which he signed and returned. Pursuant to the agreement, the pension fund agreed to purchase two million restricted shares of US Farms stock for $20,000.

24. On July 14, 2009, the FBI wired $20,000 to US Farms's bank account. US Farms then sent a $6,000 kickback in the form of a cashier's check to the fake consulting company.

25. Two days later, US Farms sent a stock certificate to the pension fund for two million restricted shares of US Farms stock.

26. Skwara, as president and secretary of US Farms, executed the stock certificates issued to the pension fund and the cooperating witness.

27. After completing the second deal, Skwara spoke with the agent about doing another deal. Ultimately, however, there were no further transactions.

## COUNT I

### Fraud In Violation of Section 17(a)(1) of the Securities Act

28. The Commission realleges and incorporates paragraphs 1 through 27 of this Complaint.

29. From at least May through July 2009, the Defendants, directly and indirectly, by use of the means or instrumentality of transportation or communication in interstate commerce and by use of the mails, in the offer or sale of securities, as described in this Complaint, knowingly, willfully or recklessly employed devices, schemes or artifices to defraud.

30. By reason of the foregoing, the Defendants, directly and indirectly, violated and, unless enjoined, are reasonably likely to continue to violate, Section 17(a)(l) of the Securities Act, 15 U.S.C. § 77q(a)(1).

## COUNT II

### Fraud in Violation of Section 10(b) of the Exchange Act and Rule 10b-5(a)

31. The Commission realleges and incorporates paragraphs 1 through 27 of this Complaint.

32. From at least May through July 2009, the Defendants, directly and indirectly, by use of any means or instrumentality of interstate commerce, or of the mails, in connection with the purchase or sale of securities, knowingly, willfully or recklessly employed devices, schemes, or artifices to defraud.

33. By reason of the foregoing, the Defendants, directly or indirectly, violated and, unless enjoined, are reasonably likely to continue to violate, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Exchange Act Rule l0b-5(a), 17 C.F.R. § 240.10b-5(a).

## RELIEF REQUESTED

**WHEREFORE**, the Commission respectfully requests that the Court:

### I.

### Declaratory Relief

Declare, determine, and find that the Defendants have committed the violations of the federal securities laws alleged in this Complaint.

### II.

### Permanent Injunctive Relief

Issue a Permanent Injunction restraining and enjoining the Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, and each of them, from violating Sections 17(a)(1) of the Securities Act and Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5(a), as indicated above.

### III.

### Disgorgement

Issue an Order directing all Defendants to disgorge all ill-gotten gains, including prejudgment interest, resulting from the acts or courses of conduct alleged in this Complaint.

### IV.

### Penalties

Issue an Order directing the Defendants to pay civil money penalties pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C.

§ 78u(d).

## V.

### Penny Stock Bar

Issue an Order barring Skwara from participating in any offering of a penny stock, pursuant to Section 20(g) of the Securities Act, 15 U.S.C. § 77t(g), and Section 21(d)(6) of the Exchange Act, 15 U.S.C. § 78u(d)(6), for the violations alleged in this Complaint.

## VI.

### Officer and Director Bar

Issue an Order pursuant to Section 20(e) of the Securities Act and Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 77t(e) and 15 U.S.C. § 78u(d)(2), barring Skwara from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act or that is required to file reports pursuant to Section 15(d) of the Exchange Act.

## VII.

### Further Relief

Grant such other and further relief as may be necessary and appropriate.

## VIII.

### Retention of Jurisdiction

Further, the Commission respectfully requests that the Court retain jurisdiction over this action in order to implement and carry out the terms of all orders and decrees that it may enter, or to entertain any suitable application or motion by the Commission for additional relief within the jurisdiction of this Court.

Respectfully submitted,

June 4, 2012    By:    s/C. Ian Anderson
C. Ian Anderson
Senior Trial Counsel
Court No. A5501232
Direct Dial: (305) 982-6317
E-mail: andersonci@sec.gov
*Lead Counsel*

Trisha D. Sindler
Senior Counsel
Florida Bar # 0773492
Telephone: (305) 982-6352
E-mail : fuchst@sec.gov

**ATTORNEYS FOR PLAINTIFF**
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154

-9-